UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PNC BANK, N.A.,<br><br>    Plaintiff,<br><br>v.<br><br>KEY DOT COMPANY LLC, et al.,<br><br>    Defendants. | Case No. 25-cv-10361<br><br>Honorable Robert J. White |

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

PNC Bank N.A. entered into a Line of Credit Note and Small Business Agreement with Key Dot Company, LLC ("Key Dot") in February 2022 and February 2023, respectively. (ECF No. 1; *see also* ECF Nos. 1-2, 1-4, PageID.10-19, 26-30). Knapp agreed to guarantee Key Dot's repayment. (ECF No. 1-5, PageID.33-41). PNC Bank commenced this action after defendants failed to make payments as they became due. (ECF No. 1). The Clerk of the Court entered default against Key Dot after it failed to appear, plead, or otherwise defend this action. (ECF No. 13).

PNC Bank now moves for a default judgment under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 16). Key Dot again failed to respond or otherwise

appear or attempt to set aside the default entered against it. So the well-pled allegations of the complaint are deemed admitted. *See Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). After reviewing the complaint, the unopposed motion for default judgment, the attached declarations and exhibits, and the filings of record, the Court finds that:

1. PNC Bank commenced this action against Key Dot and Knapp on February 7, 2025. (ECF No. 1).

2. PNC Bank served defendants with copies of the summons and complaint on February 10-11, 2025. (ECF Nos. 6-7).

3. The Court possesses subject matter jurisdiction under 28 U.S.C. § 1332. According to the complaint, the amount in controversy exceeds $75,000 (ECF No. 1, PageID.2, ¶ 5); Knapp is a citizen of Michigan (*id.*, ¶ 3); Key Dot is a single-member limited liability company whose sole member is Knapp (*id.*, ¶ 4), *i.e.*, Key Dot is a citizen of Michigan, *see Akno 1010 Mkt. St. St. Louis Missouri LLC v. Nahid Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) ("A limited liability company (commonly known as an 'LLC') has the citizenship of its members and sub-members."); and PNC Bank, a national banking association, is a citizen of Pennsylvania, where its main office is located (*id.*, PageID.1, ¶ 1); *see* 28 U.S.C. § 1348.

4. The Court has personal jurisdiction over defendants under Michigan's long-arm statute, Mich. Comp. Laws §§ 600.701–775, and the Due Process Clause, *see Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358-60 (2021); *see also Lomax v. Marketplace Homes Lending, LLC*, No. 23-13018, 2024 U.S. Dist. LEXIS 186401, at *4 (E.D. Mich. Oct. 11, 2024) ("To determine whether personal jurisdiction is met in the case of a default judgment, the Court looks to whether the well-pled allegations in the complaint, taken as true, amount to a prima facie showing of personal jurisdiction."). Knapp was present and domiciled in Michigan when he received service of process, Mich. Comp. Laws § 600.701, and the Court is satisfied that Knapp formed Key Dot under Michigan law and "carr[ies] on a continuous and systematic part of its general business within the state." Mich. Comp. Laws § 600.731.

5. Knapp filed a Chapter 7 bankruptcy petition on March 14, 2025. (ECF No. 11-2, PageID.73).

6. Defendants failed to timely answer the complaint, and the Clerk entered default against Key Dot on March 26, 2025. (ECF No. 13).

7. The Court administratively closed the case as to Knapp only. (ECF No. 14).

8. The default concedes the truth of the complaint's allegations as to Key Dot's liability on all the counts asserted against it. Fed. R. Civ. P. 8(b)(6); *see also*

3

*Jones v. Pekoske*, No. 21-1061, 2021 U.S. App. LEXIS 36223, at *5-6 (6th Cir. Dec. 7, 2021). A formal evidentiary hearing is not necessary to determine the amount of damages assessed in a default judgment "if sufficient evidence is submitted to support the request for damages or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits." *Ayers v. Receivables Performance Mgmt., L.L.C.*, No 15-12082, 2016 U.S. Dist. LEXIS 132875, at *9 (E.D. Mich. Sep. 28, 2016); *see also Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009). As set forth below, such ascertainable damages have been adequately established in the motion for default judgment.

9. According to the complaint, PNC Bank and Key Dot entered into the following agreements and Knapp guaranteed Key Dot's performance thereunder:

   a. Line of Credit Note dated February 8, 2022, executed between Key Dot and PNC Bank in the principal amount of $300,000 (ECF No. 1-2, PageID.10-19);

   b. Small Business Loan Agreement dated February 21, 2023, executed between Key Dot and PNC Bank in the principal amount of $100,000 (ECF No. 1-4, PageID.26-30).

   c. Guaranty and Suretyship Agreement dated February 8, 2022,

executed between Knapp (on behalf of Key Dot) and PNC Bank (ECF No. 1-5, PageID.33-41).

10. Key Dot is in default under the Line of Credit Note and the Small Business Loan Agreement for failure to make payments thereunder when such payments became due.

11. The Guaranty and Suretyship Agreement does not create joint and several liability between Key Dot and Knapp for payment of the defaulted obligations. So entering judgment solely against Key Dot does not create a risk of inconsistent judgments in the event PNC Bank later pursues its claim against Knapp when he emerges from Chapter 7 bankruptcy. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

12. The complaint alleges the following claims for relief against Key Dot: money damages for the amounts due and owing under the Line of Credit Note and the Small Business Loan Agreement. (ECF No. 1, PageID.3-5, ¶¶ 14-26).

13. PNC Bank's monetary damages constitute a sum certain that may be calculated by reference to the applicable contracts and PNC Bank's supporting documentation.

14. Pursuant to Fed. R. Civ. P. 54(b) this action "presents more than one claim for relief" and involves "multiple parties," *i.e.*, Key Dot and Knapp. There is also "no just reason" to delay the entry of final judgment against Key Dot because

(1) the entry of judgment will not impair Knapp's ability to litigate his own defenses to PNC's claim under the Guaranty and Suretyship Agreement; (2) there is no risk of "set-off against the judgment sought to be made final"; (3) the risk of mooting any appellate review of the judgment is minimal; and (4) delaying the entry of final judgment will impede PNC's post-judgment efforts to collect and dispose of Key Dot's assets. *See General Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994). Based on these findings, it is hereby,

ORDERED that PNC Bank's motion for default judgment (ECF No. 16) is granted.

IT IS FURTHER ORDERED that judgment is entered for money damages in favor of PNC Bank and solely against Key Dot in the amount of $394,669.94 as of May 2, 2025, with interest accruing thereon as provided by statute from and after the date of entry.

IT IS FURTHER ORDERED that this is a final order, the terms of which are effective immediately.

Dated: June 9, 2025         s/Robert J. White
                                                          Robert J. White
                                                          United States District Judge